UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

IN RE NONJUDICIAL CIVIL FORFEITURE  :
PROCEEDINGS AGAINST VARIOUS
ASSETS SEIZED BY THE UNITED STATES  :
DRUG ENFORCEMENT ADMINISTRATION  x

------------------------------------- 

**STIPULATED MOTION TO EXTEND TIME TO FILE CIVIL FORFEITURE COMPLAINT AGAINST SEIZED ASSETS**

23 Misc.    (    )

      The United States of America, by its attorney Damian Williams, United States Attorney for the Southern District of New York, and Assistant United States Attorney Tara M. La Morte, of counsel, hereby moves the Court, under Title 18, United States Code, Section 983(a)(3)(A), to extend the time, through February 29, 2024, within which the United States may initiate a judicial forfeiture proceeding against assets now within the custody of the United States that are described in Exhibit A ("Subject Assets").

      In support of its stipulated motion, the United States respectfully states as follows:

      1.     The United States, through either the United States Drug Enforcement Administration ("DEA") or United States Customs and Border Protection ("CBP"), has seized and commenced administrative forfeiture proceedings against the Subject Assets.

      2.     In the course of those administrative forfeiture proceedings, either DEA or CBP sent written notice of its intent to forfeit each of the Subject Assets to all known persons that may have an interest in each of the Subject Assets, as required by Title 18, United States Code, Section 983(a)(1)(A).

      3.     Between approximately September 8, 2023 and September 13, 2023, Howard J. Miller on behalf of approximately forty-six (46) judgment creditors (collectively, the

"Administrative Claimants") filed claims against the Subject Assets in administrative forfeiture proceedings that either DEA or CBP has commenced against each of the respective Subject Assets. The Subject Assets include approximately seventeen assets that would be subject to judicial forfeiture in the Southern District of New York (the "SDNY Assets"). The United States did not know any of the Administrative Claimants to have an interest, or purported interest, in any of the Subject Assets before the Administrative Claimants filed their claims.

4. The United States understands that the Administrative Claimants assert claims as to each of the Subject Assets based on:

   a. a judgment Administrative Claimants obtained against the Juarez Cartel in the District of North Dakota (D.N.D. 1:20-cv-00132) after members of the Juarez Cartel ambushed and killed nine United States citizens in Mexico and injured several others;

   b. an assertion that the Terrorism Risk Insurance Act ("TRIA"), Title 28, United States Code, Section 1610 gives the Administrative Claimants a right to execute their judgment against assets of the Juarez Cartel; and

   c. a claim that each of the Subject Assets is such an asset of the Juarez Cartel that is subject to execution or attachment under TRIA.

5. In addition to the claims Administrative Claimants have filed against the Subject Assets in this District, Administrative Claimants have filed hundreds of additional claims—totaling approximately 700 claims—as to assets that the United States has seized in various parts of the country on this same basis.

6. No other party has filed a claim as to any of the SDNY Assets in the respective administrative forfeiture matters pertaining to each of the SDNY Assets, and, under Title 18, United States Code, Section 983(a)(2)(A)-(E), the time for any person to do so has expired.

7. After a claim was filed in the administrative proceeding against each of the Subject Assets, the seizing agency, either DEA or CBP, transmitted that claim to the United States Attorney's Office for the purpose of initiating a judicial forfeiture action against each of the respective Subject Assets.

8. Title 18, United States Code, Section 983(a)(3) provides:

> Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.

18 U.S.C. § 983(a)(3).

9. The 90-day deadlines for filing a timely civil forfeiture complaint against the various Subject Assets that have been referred to the United States Attorney's Office for this judicial district, more specifically the SDNY Assets, range from on or about December 7, 2023 to on or about December 13, 2023.

10. The United States Attorney's Office is currently evaluating the factual and legal bases for (a) its potential civil forfeiture complaints and (b) Administrative Claimants' claims as to each of the Subject Assets.

11. The Administrative Claimants' filing of approximately 700 claims, within a short time frame, has resulted in an unprecedented number of referrals of administrative forfeiture matters to United States Attorney's Offices for consideration of commencing judicial forfeiture actions. The Administrative Claimants' claims have been referred, or are in the process of being

referred, to more than 50 United States Attorney's Offices. Given the scope of the claims submitted by the Administrative Claimants, any response the United States makes in this District is likely to impact litigation in other districts across the country. This unusually high volume of cases referred as a result of Administrative Claimants' claims will therefore take additional time to review—especially as to whether Administrative Claimants' have a legally cognizable interest in each of the Subject Assets that they have claimed.

12. The United States is also engaging in discussions with Administrative Claimants regarding a potential resolution to their claims as to each of the Subject Assets.

13. As set forth in the Agreement to Extend the Filing Deadline, which is attached as Exhibit B, Administrative Claimants and the United States have agreed to extend the time within which the United States may timely file a judicial forfeiture proceeding against the Subject Assets to give the parties sufficient time to try to resolve these matters before the United States files or declines to file any such a judicial forfeiture action. Attachment B, ¶ 5.

14. Specifically, Administrative Claimants have knowingly, intelligently, and voluntarily given up any right they may have under Title 18, United States Code, Section 983(a)(3)(A)-(B) to require the United States to file a judicial forfeiture against the properties on or before the deadlines referenced in paragraphs 9-10, and any right that they may have to seek dismissal of any civil judicial complaint on the ground that it was not timely filed. *Id.*, ¶ 6.

15. The Administrative Claimants have further agreed to extend the deadline by which the United States may timely file a judicial forfeiture against any of the Subject Assets until February 29, 2024. *Id.*, ¶ 8.

16. Under Title 18, United States Code, Section 983(a)(3)(A), "a court in the district in which the civil forfeiture complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties." 18 U.S.C. § 983(a)(3)(A).

Based upon the agreement between the United States and the Administrative Claimants and for good cause shown, the United States respectfully requests that the Court enter an order, consistent with the United States' agreement with Administrative Claimants, that extends through February 29, 2024, the period within which the United States may timely file a judicial forfeiture proceeding against any or all of the Subject Assets.

DAMIAN WILLIAMS
United States Attorney

By:    s/
TARA M. La MORTE
Assistant United States Attorney
Attorney for Plaintiff
Office of the United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
Telephone: (212) 637-1041
E-Mail: Tara.LaMorte2@usdoj.gov

## CERTIFICATE OF SERVICE

On December 7, 2023, I served this motion by electronic mail on the following:

Michael Elsner
melsner@motleyrice.com

Sam Mitchell
Sam@mitchellfirmllc.com

TARA M. La MORTE